## THE STATE v. McGUIRE.

1. **Criminal Law:** EVIDENCE. The admissions of one accused of the crime of adultery with defendant were *held* not to be competent evidence against him.

*Appeal from Buchanan District Court.*

WEDNESDAY, DECEMBER 11.

THE indictment charged that the defendant, being a married man, had carnal knowledge of and sexual intercourse with Margaret D. Maloney, and was, therefore, guilty of the crime of adultery. Having been convicted the defendant appeals.

*D. D. Holdridge*, for appellant.

*J. F. McJunkin, Attorney General*, for the State.

SEEVERS, J.—I.  The admissions of Mrs. Maloney were admitted in evidence, against the objection of the defendant. Such admissions were to the effect that she and the defendant were married. Such evidence must have been prejudicial to the defendant, and was inadmissible for any purpose.

II.  The State claimed that the defendant wrote a letter after his arrest, and while he was in jail, to Mrs. Maloney, which had been lost or destroyed; and, in reference thereto, the State was permitted to prove that it was signed, "Your husband, John McGuire."  There was no evidence the letter was written or signed by the defendant. Such evidence was, therefore, clearly inadmissible.

III.  The court gave the jury the following instruction:

"8.  Mrs. Maloney, the joint defendant indicted with McGuire, is an admissible witness. Her admissions or confessions may be used in evidence against him, if connected with some act of confession of her own in the nature of a joint acknowledgment; but her confessions or

1. CRIMINAL law : evidence.

acknowledgments, independent and alone, relating exclusively to herself and not joint acknowledgments of McGuire and herself, are inadmissible."

There is no evidence contained in the abstract tending to show that Mrs. Maloney had been indicted, either separately or jointly, with the defendant. We infer, therefore, that the statement in the instruction to that effect was inadvertently made. Whether it was prejudicial may admit of doubt. If we understand the residue of the instruction, it is to the effect that the admission or confession of Mrs. Maloney that she and the defendant were guilty of the crime charged could be considered by the jury in determining the question whether the defendant was or was not guilty. This, we think, was prejudicial error. There is no principle of law which will sustain such rule. The defendant was not bound by anything Mrs. Maloney should admit. She, it may be conceded, was a competent witness for the State. Whatever she, as such, might say, would be evidence for the consideration of the jury. But what she admitted, when not on the stand as a witness, would not be admissible or entitled to consideration by the jury.

Other errors have been discussed by counsel, but, as they will not probably occur on another trial, they have not been specifically alluded to.

REVERSED.